**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Criminal Case No. 1:23cr00026-001 |
| v. ) | |
| ) | **REPORT AND** |
| **MICHAEL PAUL BROWN,** ) | **RECOMMENDATION** |
| Defendant ) | |

*I. Background*

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's written consent, this case was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, to conduct a plea hearing.

*II. Facts*

The defendant has been charged in a two-count Information. On November 21, 2023, a plea hearing was conducted before the magistrate judge, and the defendant entered pleas of guilty to Counts One and Two of the Information, charging him with conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

At this hearing, the defendant was placed under oath and testified that he is 38 years old and had received his General Equivalency Diploma, ("GED"). The defendant testified that he reads and writes the English language. The defendant testified that he had previously been addicted to and/or had abused methamphetamine until the time of his arrest on state charges in March 2023. The defendant stated that he had not abused this substance since his arrest and incarceration in March 2023, and his recent substance abuse, and/or the lack of any recent treatment, did not affect his current ability to make decisions in his best interest or his ability to understand the nature of the proceedings or the consequences of pleading guilty to the charges he faced. He also testified that he was not under the influence of any drug, medication or alcoholic beverage.

The defendant stated that he was fully aware of his right to grand jury indictment, that he had discussed that right with his counsel and that he wished to waive his right to grand jury indictment and consent to allow the Government's case against him to proceed on the two-count Information filed with the court. The defendant stated that, other than the terms of the Plea Agreement filed in this matter, no one had made any other promises to him or in any way had attempted to force him into waiving his grand jury indictment right. The undersigned accepted the defendant's waiver of his grand jury indictment rights, finding that the defendant was doing so knowingly and voluntarily.

The defendant stated that he was fully aware of the nature of the charges against him and the consequences of pleading guilty to those charges. The defendant was advised in open court of the charges contained against him in the Information.

–2–

He testified that he had fully discussed the charges, and his case in general, with his counsel. He also testified that he had read the Plea Agreement in its entirety, and he had discussed the Plea Agreement with his counsel before signing the Agreement. He stated that he understood the terms of the Plea Agreement and that the document presented to the court set forth his agreement with the Government in its entirety. The defendant specifically testified he understood that, under the terms of the Agreement, he was waiving any right to directly appeal or collaterally attack his conviction and sentence, insofar as he may legally do so. He also testified that he was waiving or giving up any right to file any future motion for reduction of the sentence imposed in this case based on any future change in the Sentencing Guidelines.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises, other than those contained in the Plea Agreement with the Government, assurances or threats to him in an effort to induce his pleas. The defendant testified he understood that the offenses with which he is charged are felonies and that, if his pleas are accepted, he will be adjudged guilty of the offenses and that this adjudication may deprive him of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess a firearm.

The defendant was informed of the possible maximum and mandatory minimum penalties provided by law for the offenses with which he is charged. In particular, the defendant testified he understood that the drug conspiracy charge

against him carried a mandatory minimum sentence of 10 years' incarceration and the firearms charge carried a mandatory minimum five-year sentence of incarceration, which must be served consecutively to any other sentence imposed in this case. The defendant testified that he understood that he would be sentenced to at least 15 years' imprisonment.

The defendant also was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case.   The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case.   The defendant also testified he understood that the court would not be able to determine the guideline sentence for his case until after a presentence report has been completed, and both parties have an opportunity to challenge the reported facts and the application of the Guidelines. The defendant stated he understood that, after the applicable guideline range was determined, the district judge has the authority in some circumstances to depart from the Guidelines and impose a sentence that is more severe or less severe than the sentence called for by the Guidelines. He stated he understood that the Sentencing Guidelines were no longer mandatory, and after considering the Guidelines and the factors listed under 18 U.S.C. § 3553(a), the district judge may sentence outside of the Guidelines and up to the statutory maximum sentence. He stated he understood that the eventual sentence imposed may be different from any estimate his attorney, the U.S. Attorney's Office or the U.S. Probation Office has given him. The defendant stated he knew that parole had been abolished and that if he is sentenced to prison, he will not be released on parole and will serve his full term of imprisonment.

–4–

The defendant testified that he understood his Plea Agreement was entered into with the Government under Federal Rules of Criminal Procedure Rule 11(c)(1)(C). He further testified that, pursuant to Rule 11(c)(1)(C), he and the Government had agreed that he should be sentenced to no less than 180 months and no more than 210 months' imprisonment. He testified that he further understood that, if the sentencing judge was not willing to sentence him to a sentence of imprisonment within the agreed applicable range, the judge would reject the Plea Agreement, and he would be given an opportunity to withdraw his plea at that time.

The defendant further testified he was agreeing that Sentencing Guideline 2D1.1(c)(3) was applicable to his conduct in this case for a base offense level of 34 for at least 5 kilograms, but less than 15 kilograms, of a mixture or substance containing a detectable amount of methamphetamine.

The defendant further testified that, under the terms of the Plea Agreement, he was forfeit to the Government all rights he had a 9mm Hi-Point handgun, serial number, ("SN"), 1842398 and rounds of 9mm ammunition.

The defendant also testified that he understood he had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if his guilty pleas are accepted:

    i. The right to plead not guilty to any offense charged against him;
    ii. The right at trial to be presumed innocent and to force the Government to prove his guilt beyond a reasonable doubt;
    iii. The right of assistance of counsel;

  iv. The right to see, hear and cross-examine witnesses;
  v. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
  vi. The right to decline to testify unless he voluntarily elected to do so in his own defense.

  The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. He stated that he had no complaints whatsoever regarding his attorney's representation. The defendant also testified that he understood the possible consequences of his pleas and asked the court to accept his pleas of guilty to Counts One and Two of the Information.

  The Government presented the following evidence regarding the offenses with which the defendant is charged:

  At times relevant to the Information, the defendant, Michael Paul Brown, in the Western District of Virginia and elsewhere, knowingly conspired with others to possess with intent to distribute and distribute 500 grams or more of a mixture or substance containing methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance. In addition, on or about October 27, 2022, in the Western District of Virginia and elsewhere, Brown knowingly possessed in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States (conspiracy to possess with intent to distribute and distribute 500 grams or more of a mixture or substance containing a detectable amount of

methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, as set forth in Count One), a firearm.

During the times relevant to the Information, Christopher David Johnson, (a.k.a. "CJ"), was incarcerated in the state of Georgia. Using one or more electronic devices -- a cellular phone, Johnson operated a large-scale methamphetamine-distribution operation that extended from Georgia into the Western District of Virginia and elsewhere. Generally speaking, Johnson communicated and coordinated with other individuals who would travel from the Western District of Virginia, and elsewhere, to Georgia, where those individuals would meet with other individuals to collect multi-ounce and multi-kilogram quantities of methamphetamine. Those individuals would bring the methamphetamine back to the Western District of Virginia, and elsewhere, and would then further distribute the methamphetamine to subdistributors. Johnson collected payment for the methamphetamine via CashApp and other means. Brown and others assisted Johnson in these efforts.

During the relevant time, while Johnson was incarcerated in Georgia, Brown regularly communicated with Johnson regarding methamphetamine distribution, pricing, quantities, and deliveries, and regarding others who were involved in this conspiracy. Brown also traveled to Georgia on multiple occasions to pick up kilogram and multi-kilogram quantities of methamphetamine for distribution in the Western District of Virginia and elsewhere. Brown also coordinated with Johnson and others such that Johnson would have illegal drugs,

including methamphetamine and heroin, delivered to him locally. When Brown obtained methamphetamine from Johnson, he would then distribute it to others, who would often distribute the methamphetamine further. Others who were involved in this conspiracy included, but were not limited to, Noah Bryan Horn, Kayla Cheyanne Winebarger, Amber Leigh Phipps, Morgan Paige Perry, Nicholas Alexander Courtney, Tabitha Nichole Satterfield, Kenneth Lee Trivette, Kedrick Lee Dingus, and Eric Dale Whisman.

During the relevant time, and in connection with the drug-distribution activities described above, Brown routinely carried a handgun with him. Brown carried a handgun to protect himself from being robbed of drugs and/or drug-money. On October 27, 2022, law enforcement executed a traffic stop in Bristol, Tennessee. Brown and codefendant Tabitha Satterfield were in the car along with Meagan Smith. Brown was riding in the back seat. Brown had a 9mm Hi-Point handgun, SN 1842398, with him, with a cartridge loaded in the chamber of the handgun. During the traffic stop, Brown attempted to hide the handgun under the front passenger seat, but law enforcement found it.

This is not all the government's evidence, but it establishes the elements of the charges to which Brown is pleading guilty.

## PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering

    informed pleas;

2. The defendant is aware of the nature of the charges and the consequences of his pleas;

3. The defendant knowingly and voluntarily entered pleas of guilty to Counts One and Two of the Information; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned recommends that this court accept the defendant's pleas of guilty to Counts One and Two of the Information and adjudge him guilty of those offenses.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED:	This 21st day of November, 2023.

/s/   *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE